WESTERN UNION TELEGRAPH CO. v. WRIGHT, Comptroller General.

(Circuit Court, N. D. Georgia. February 27, 1909.)

APPEAL AND ERROR (§ 458*)—SUPERSEDEAS—AUTHORITY TO GRANT—CONTINUING INJUNCTION.

A Circuit Court, on the dismissal of a bill and dissolution of a temporary injunction, granted at suit of a telegraph company, restraining the collection of taxes levied against it by a state, has power in its discretion to grant a supersedeas continuing the status quo pending an appeal, on the giving of a bond to protect the state.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 458;* Injunction, Cent. Dig. § 413.]

See, also, 158 Fed. 1004, 166 Fed. 954.

Dorsey, Brewster, Howell & Heyman, for complainant.
John C. Hart, Atty. Gen., for defendant.

NEWMAN, District Judge. In granting the supersedeas in this case I submit the following brief statement:

The rule on the subject of the grant of a supersedeas in a case like this is stated in Hovey v. McDonald, 109 U. S. 150, 160–161, 3 Sup. Ct. 136, 27 L. Ed. 888. In the opinion in that case by Mr. Justice Bradley, he stated of the Slaughter-House Cases, 10 Wall. 273, 19 L. Ed. 915:

"It was not decided that the court below had no power, if the purposes of justice required it, to order a continuance of the status quo until a decision should be made by the appellate court, or until that court should order the contrary. This power undoubtedly exists, and should always be exercised when any irremediable injury may result from the effect of the decree as rendered; but it is a discretionary power, and its exercise or nonexercise is not an appealable matter. In recognition of this power, and for the purpose of facilitating its proper exercise in certain cases, on appeals from the Circuit Courts, this court, by an additional rule of practice in equity, adopted in October term, 1878, declared that: 'When an appeal from a final decree, in an equity suit, granting or dissolving an injunction, is allowed by a justice or judge who took part in the decision of the cause, he may, in his discretion, at the time of such allowance, make an order suspending or modifying the injunction during the pendency of the appeal upon such terms as to bond or otherwise, as he may consider proper for the security of the rights of the opposite party.'"

To the same effect is Cotting v. Kansas City Stockyards Company (C. C.) 82 Fed. 850–857. In that case the judges presiding (Thayer, Circuit Judge, and Foster, District Judge), in view of the importance of the questions involved, granted a supersedeas, although they dissolved the injunction and dismissed the bill. In the Supreme Court of the United States (Cotting v. Kansas City Stockyards Company, 183 U. S. 79, 22 Sup. Ct. 30, 46 L. Ed. 92), this action of the judges presiding in the Circuit Court, in granting the supersedeas, was clearly approved, I think, in view of the language used by Mr. Justice Brewer in the commencement of his opinion.

In the case at bar I have no doubt whatever that the Western Union Telegraph Company is subject to taxation by the state of Georgia on its franchise; that is, its right to exist as a corporation, make contracts, collect tolls, and carry on generally the business of telegraphy. The doubt I have in the case, and the only doubt, arises by reason of the paper attached by the board of arbitrators to their award. I have stated, in the two opinions filed by me in the case, my reasons very fully for gathering from this paper, properly construing it, the fact, and only that, that the arbitrators were mistaken in supposing that any part of the franchise exercised by the Western Union Telegraph Company in Georgia was derived from the act of Congress. I have stated that in my opinion they first found the value of the franchise, and only misconceived the source from which that franchise was derived. I still believe this; but it is not a question entirely free from doubt, and consequently, while I recognize fully the delicacy of interfering with the state in the collection of its revenue, and the fact that this should be done, even temporarily, only in exceptional

cases, I have concluded that the proper course is to grant the supersedeas and to continue the restraining order, heretofore granted in this case, of force. This is to be done, however, only upon the Western Union Telegraph Company entering into a bond in the sum of $15,000, payable to Hoke Smith, Governor, and his successors in office, with sureties to be approved by the court; such sureties becoming parties to the litigation and bound by any decree to be entered in the cause, and the condition of the bond being that if the decree of this court shall be affirmed in the Circuit Court of Appeals, or in the Supreme Court, upon the entry of the mandate showing such affirmance, the Western Union Telegraph Company and the sureties on its bond will at once pay the amount of the taxes due by that company on its franchise for the year 1907, with interest thereon in accordance with the statutes of Georgia up to the time such payment is made.